# NO. 12-18-00293-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN JACOB BUCK,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Steven Jacob Buck appeals his conviction for forgery against the elderly. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with two counts of the offense of forgery against the elderly by making, completing, executing, or authenticating a writing, i.e., a check, with the intent to defraud or harm another, namely, an elderly individual sixty-five years of age or older, a third degree felony.[1] Appellant pleaded "guilty" to the offense charged in the indictment. Appellant and his counsel signed various documents in connection with his guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which Appellant swore that his written guilty plea constituted sufficient evidence to sustain a guilty verdict. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for four years.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. § 32.21(a)(1)(A), (2), (b), (d), (e-2) (West Supp. 2018).

Later, the State filed a second amended motion to adjudicate guilt, alleging that Appellant violated the terms of his community supervision including committing the offense of theft; committing the offense of assault; using, possessing and/or consuming alcohol; failing to report in person at least once a month to his community supervision officer from January through February 2017; failing to permit the community supervision officer to visit his home by neglecting to provide a valid address; failing to perform fifty hours of community service; failing to pay his supervision fees in the amount of $60.00 per month from June 2016 through February 2017; failing to pay court costs, fines, and restitution to the district clerk's office for the months of June 2016 through February 2017; failing to report to a scheduled appointment with his community supervision officer on December 16, 2016 to provide a new address; failing to complete the Cognitive Thinking Class; failing to submit to a substance abuse evaluation; and failing to report to a scheduled judicial summons on March 22, 2017. At the hearing, Appellant pleaded "true" to all the violations pleaded by the State.

At the sentencing hearing, Emily White, Appellant's ex-wife, testified that she was the victim of the assault that was one of the bases of the motion to adjudicate. Appellant came to her house to pick up their daughter for visitation. White stated that her daughter began "back talking" and told her mother "no." She attempted to punish the child but her daughter ran from her and threw herself on the ground. White stated that she grabbed her daughter to spank her, but Appellant hit her, White, with his fist on the right side of her jaw. Appellant attempted to take the child, but White pushed the child into the house, told Appellant to get off her property, and called law enforcement.

Amy Freeman, a community supervision officer, testified that Appellant did not pay any of his supervision fees; did not report to Shelby County when his community supervision was transferred to that county; reported two or three months to Nacogdoches County when he was transferred to that county; and failed to attend a compliance hearing on March 22, 2017. After the sentencing hearing, the trial court found all of the allegations to be "true," granted the State's motion to adjudicate, adjudged Appellant guilty of two counts of forgery against the elderly, and assessed his punishment at eight years of imprisonment to run concurrently. This appeal followed.

**ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA***

2

Appellant's counsel filed a brief in compliance with ***Anders*** and ***Gainous***, stating that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[2] We reviewed the record for reversible error and found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted***, and the trial court's judgment is ***affirmed***. *See* TEX. R. APP. P. 43.2.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 22 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or, if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review

---

[2] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such brief has expired and no pro se brief has been filed.

should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered June 28, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 28, 2019**

**NO. 12-18-00293-CR**

**STEVEN JACOB BUCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2015-0849)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*